United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANAS.AI INC.,

Plaintiff,

v.

KRISP TECHNOLOGIES, INC.,

Defendant.

Case No.  25-cv-05666-RS

**ORDER DENYING MOTION TO DISMISS**

## I. INTRODUCTION

Defendant Krisp Technologies ("Krisp") has filed a second Rule 12(b)(6) motion to dismiss claims asserted in Plaintiff Sanas AI's first amended complaint. This successive motion is improper under Rule 12 as set forth below and therefore denied.

## II. BACKGROUND

Sanas AI ("Sanas") and Krisp are competitors in the market for real-time accent conversion and background noise reduction technology. The companies explored a possible business collaboration throughout 2021 and 2022, but the conversations stopped abruptly in Fall 2022. Then, on July 7, 2025, Sanas filed a complaint against Krisp, alleging patent infringement among other non-patent claims. Two months later, on September 8, 2025, Krisp filed an answer and patent and non-patent counterclaims against Sanas as well as a motion to dismiss ("Krisp's September Motion to Dismiss"). The counterclaims asserted violations of the California Unfair Practices Act ("UPA"), Cal. Bus. & Prof. Code §§ 17043, 17044 et seq., and California's UCL, *id.* § 17200 et seq. for allegedly giving away that technology for free as a loss leader in order to injure

United States District Court
Northern District of California

1    Krisp and competition generally.

2    Thereafter, on September 22, 2025, Sanas amended its complaint, and Krisp's September

3    Motion to Dismiss was denied as moot. The first amended complaint asserts patent infringement,

4    co-inventorship and co-ownership, misappropriation of trade secrets in violation of 18 U.S.C. §

5    1836 and Cal. Civ. Code § 3426 *et seq.*, false advertising in violation of the Lanham Act and Cal.

6    Bus. & Prof. Code § 17500 *et seq.*, and unfair competition in violation of Cal. Bus. & Prof. Code §

7    17200 *et seq.*

8    On September 29, 2022, Sanas moved to dismiss Krisp's state-law counterclaims for

9    violations of the California's UPA and UCL under Rule 12(b)(6). Krisp's September Motion to

10    Dismiss having been denied as moot after the first amended complaint was filed, Krisp filed

11    another motion to dismiss on October 6, 2025 ("Krisp's October Motion to Dismiss"), regarding

12    Sanas' trade secret, co-inventorship and co-ownership claims, and false advertising claims. Then,

13    on November 19, 2025 Krisp filed another motion to dismiss Sanas' patent claims (Krisp's

14    November Motion to Dismiss"). On December 1, 2025, this court denied Krisp's October Motion

15    to Dismiss Sanas' non-patent claims in its entirety and denied in part and granted in part Sanas'

16    motion to dismiss. On December 15, 2025, Krisp and Sanas each filed their answers to the

17    outstanding claims.

### III. LEGAL STANDARD

18    Under Rule 12(g)(2), "a party that makes a motion under [Rule 12] must not make another

19    motion under this rule raising a defense or objection that was available to the party but omitted

20    from its earlier motion." Fed. R. Civ. Proc. 12(g)(2). Rule 12(h)(2) makes clear that failure-to-

21    state-a-claim defenses that are not raised in a Rule 12 motion are not waived. Fed. R. Civ. Proc.

22    12(h)(2). They may be raised under Rule 7(a), Rule 12(c), or at trial. *Id.* Accordingly, a defendant

23    who fails to assert a Rule 12(b)(6) defense, i.e. a failure-to-state-a-claim defense, in a pre-

24    answer Rule 12 motion cannot assert that defense in a later pre-answer motion under Rule

25    12(b)(6), but the defense may be asserted in other ways. *In re Apple iPhone Antitrust Litig.*, 846

26    F.3d 313, 317–18 (9th Cir. 2017), *aff'd sub nom. Apple Inc. v. Pepper*, 587 U.S. 273 (2019) (citing

27    Fed. R. Civ. P. 12(h)(2)).

28    

ORDER DENYING MOTION TO DISMISS
CASE NO. 25-cv-05666-RS

United States District Court
Northern District of California

**IV. DISCUSSION**

Krisp's November Motion to Dismiss is a successive Rule 12(b)(6) motion to dismiss claims asserted in Sanas' first amended complaint. Krisp argues this successive motion regarding patent eligibility is for the sake of "judicial economy," in light of the "numerous pending motions" and "prolonged… pleadings stage." Dkt. 49 at 2. However, even if judicial economy were served by deciding this successive motion on the merits, a proposition this court doubts, the Federal Rules of Civil Procedure control, and they do not permit successive Rule 12(b)(6) motions on the same complaint. As Krisp itself notes, "Krisp [can] file this this motion under a Rule 12(c) Motion for Judgment on the Pleadings after the close of the pleadings," as Krisp "had intended to do." Dkt. 49 at 2. The motion is denied.

**IT IS SO ORDERED**.

Dated: December 19, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

ORDER DENYING MOTION TO DISMISS
CASE NO. 25-cv-05666-RS

3