UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANAS.AI INC.,

Plaintiff,

v.

KRISP TECHNOLOGIES, INC.,

Defendant.

Case No. 25-cv-05666-RS   (KAW)

**ORDER RE 3/20/2026 DISCOVERY LETTER**

Re: Dkt. No. 85

[Discovery Letter No. 1]

Plaintiff Sanas.AI, Inc. alleges that Defendant Krisp Technologies, Inc. has infringed on six accent translation patents, claimed sole ownership over two co-invented patents, misappropriated trade secrets, and engaged in false advertising. (Discovery Letter at 1, Dkt. No. 85.) Pending before the Court is the parties' discovery letter regarding the applicability of California Code of Civil Procedure § 2019.210. (*Id.*) Section 2019.210 provides that in any action alleging misappropriating of trade secrets under the California Uniform Trade Secrets Act ("CUTSA"), "before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity[.]"

As an initial matter, Plaintiff argues that Defendant has waived the issue because Defendant did not raise § 2019.210 in its objections to Plaintiff's Requests for Production ("RFPs"). (Discovery Letter at 1.) The parties do not dispute, however, that on the same day Defendant served its timely responses to Plaintiff's RFPs, Defendant also sent a letter stating that it would not proceed with trade secret-related technical discovery until Plaintiff provided a compliant trade secret disclosure per § 2019.210. (*Id.* at 4.) The Court is not inclined to impose the harsh consequence of waiver under such circumstances, particularly when Plaintiff has cited no authority suggesting that this is insufficient. *Contrast with Philips N. Am. LLC v. Advanced Imaging Servs.*, No. 2:21-cv-00876 JAM AC, 2021 U.S. Dist. LEXIS 148163, at *13 (E.D. Cal.

Aug. 6, 2021) (finding waiver where the defendant's objections were not timely).

On the merits, the primary question is whether § 2019.210 -- which the parties do not dispute applies to Plaintiff's CUTSA claim -- operates to prohibit all technical discovery in this case, even though Plaintiff also brings a trade secrets claim under the federal Defend Trade Secrets Act ("DTSA") and patent infringement claims. Courts, including this one, have previously found that § 2019.210 postpones discovery as to DTSA claims if they were based on the misappropriation of the same trade secrets underlying the CUTSA claim. *See* Case No. 21-cv-3074-JST (KAW), *Chung v. Intellectsoft Grp. Corp.*, Dkt. No. 94 at 3 (N.D. Cal. Nov. 3, 2022); *Albert's Organics, Inc. v. Holzman*, No. 19-cv-07477-PJH, 2020 U.S. Dist. LEXIS 135492, at *7-8 (N.D. Cal. July 30, 2020) (applying § 2019.210 where there were CUTSA and DTSA claims); *cf. Loop AI Labs, Inc. v. Gatti*, No. 15-cv-00798-HSG (DMR), 2015 U.S. Dist. LEXIS 170349, at *13-14 (N.D. Cal. Dec. 21, 2015) (staying discovery as to the CUTSA claim only because the other claims were "not based on any allegations of misappropriation of trade secrets"). Such courts have found that while § 2019.210 may not literally be applicable to the DTSA claims, applying § 2019.210's requirement would make sense for effective case management or to ensure that a plaintiff was not trying to avoid CUTSA's requirements. *See Blockchain Innovation, LLC v. Franklin Res., Inc.*, No. 21-cv-08787-AMO (TSH), 2023 U.S. Dist. LEXIS 104537, at *5-6 (N.D. Cal. June 15, 2023).

Plaintiff argues that the Ninth Circuit has recently found that § 2019.210 does not apply to DTSA claims. (Discovery Letter at 3.) Specifically, in *Quintara Biosciences, Inc. v. Ruifeng Biztek*, the Ninth Circuit found that "unlike CUTSA, DTSA does not set out requirements for the specific timing or scope for identifying trade secrets. Instead, the conventional procedures under the Federal Rules of Civil Procedure apply." 149 F.4th 1081, 1089 (9th Cir. 2025). Further, the Ninth Circuit found that § 2019.210 was "a California rule that does not control a federal trade-secret claim." *Id.* Applying *Quintara*, district courts have found that "[t]he DTSA thus does not require a disclosure compliant with Section 2019.210," such that "the DTSA claim contains one fewer procedural hurdle than CUTSA." *Tesla, Inc. v. Proception, Inc.*, No. 25-cv-04963-SVK, 2025 U.S. Dist. LEXIS 224923, at *15, 16 (N.D. Cal. Nov. 14, 2025); *see also Aerosonic LLC v.*

2

*Joby Aero., Inc.*, No. 8:25-cv-554-VMC-AAS, 2025 U.S. Dist. LEXIS 200675, at *5-6 (M.D. Fla. Sep. 17, 2025) (considering *Quintara* and concluding that "[t]he absence of a DTSA provision incorporating discovery procedure analogous to state law statutory requirements in trade secret cases supports the inference that a plaintiff whose DTSA claims proceed past the pleading stage is entitled to discovery in accordance with the general discovery rules set forth in Federal Rule of Civil Procedure 26").

The Court agrees that § 2019.210 does not automatically apply to DTSA claims following *Quintara*, even if CUTSA claims are pled. While *Quintara* did not involve a case that had both CUTSA and DTSA claims, its analysis makes clear that DTSA does not have the same disclosure requirements that apply to CUTSA claims. That said, *Quintara* also does not appear to *prohibit* a court's use of its wide discretion to manage discovery, under which a court could still require compliance with § 2019.210 before allowing discovery on trade secret-related claims. *See Blockchain Innovation, LLC*, 2023 U.S. Dist. LEXIS 104537, at *5.

Here, however, the Court does not believe that requiring compliance with § 2019.210 before allowing all technical discovery is warranted in this case because Plaintiff has pled separate patent infringement claims. Courts have found that discovery related to claims that are separate from the trade secrets claims -- including disclosure of technical documents -- should still go forward, even when trade secret-related discovery was stayed. *E.g.*, *Space Data Corp. v. X*, No. 16-cv-03260-BLF, 2017 U.S. Dist. LEXIS 109842, at *11-12 (N.D. Cal. July 14, 2017) (permitting discovery of core technical documents in connection with patent infringement claims, even though such discovery could overlap with discovery pertaining to trade secrets); *Masimo Corp. v. Apple Inc.*, No. SACV 20-48 JVS (JDEx), 2020 U.S. Dist. LEXIS 161589, at *6 (C.D. Cal. July 14, 2020) (permitting discovery relating to patent infringement claims even though trade secret discovery was stayed and the defendant had argued that the trade secrets related to the same subject matter as the asserted patents); *see also Commure, Inc. v. Canopy Works, Inc.*, No. 24-cv-02592-NW (VKD), 2025 U.S. Dist. LEXIS 75048, at *16 (N.D. Cal. Apr. 18, 2025) (declining to stay discovery even if discovery related to other claims "happen to overlap with its trade secret misappropriation counterclaims" and noting that "[t]his case has been pending for almost a year,

3

and the Court has no desire to invite disputes regarding whether discovery is 'trade secret-related' or not"). Moreover, the presiding judge has now set a deadline for claim construction discovery. (*See* Dkt. No. 92.) Staying technical discovery needed for Plaintiff's patent infringement claims because of a California statute that applies only to trade secret claims thus risks delaying case deadlines.

Significantly, Defendant does not suggest that the RFPs or technical discovery at issue is limited only to Plaintiff's trade secret claims. (Discovery Letter at 5.) Rather, Defendant appears to argue that § 2019.210 prohibits discovery of information that relates to both a trade secret and wholly unrelated claims. (*See id.* (citing *M/A-COM Technology Solutions, Inc. v. Litrinium*, No. SA CV 19-00220-JVS (JDEx), 2019 U.S. Dist. LEXIS 171453, at *14 (C.D. Cal. June 11, 2019).) The Court is not persuaded. As the cases above demonstrate, the issue is not whether the discovery may pertain to both trade secret and not trade secret-related claims, but whether the claims themselves are related. Thus, courts have declined to stay discovery as to claims that "are not based on any allegations of misappropriation of trade secrets." *Loop AI Labs, Inc.*, 2015 U.S. Dist. LEXIS 170349, at *13; *see Space Data Corp.*, 2017 U.S. Dist. LEXIS 109842, at *11-12;. In turn, Defendant makes no suggestion that in this case, the patent claim (which is presumably based on information that has been made public through the patent process) is based on misappropriation of its trade secrets (which presumably have not been made public due to their secret nature). Thus, the Court ORDERS Defendant to produce documents responsive to Plaintiff's RFPs within **21 days** of the date of this order.

The Court notes the parties' dispute regarding whether Plaintiff's § 2019.210 disclosure is sufficient. Defendant, however, provides no specifics as to why Plaintiff's disclosure is insufficient, instead pointing to a prior motion to compel that was terminated by the Court. (Discovery Letter at 4; *see also* Dkt. No. 82.) Defendant is not permitted to incorporate a motion that was terminated as procedurally improper in lieu of making actual arguments. The Court ORDERS the parties to meet and confer as to Plaintiff's § 2019.210 disclosure. To provide guidance, the Court finds that trade secrets such as 1, 2, 6, 7, 10, and 38 appear to be sufficiently specific to identify the trade secret at issue, as they specify what is required. In contrast, trade

4

secrets such as 8 and 37 appear insufficient, as they refer to a "process" or "limitations" without providing any information as to what is required by that process or limitation.  In meeting and conferring, the parties are reminded that § 2019.210's reasonable particularity requirement "does not mean that the party alleging misappropriation has to define every minute detail of its claimed trade secret at the outset of the litigation." *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 835-36 (2005).

This order disposes of Dkt. No. 85.

IT IS SO ORDERED.

Dated: April 1, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge