Michael Ng (SBN 237915)
Michael.Ng@kobrekim.com
Daniel Zaheer (SBN 237118)
Daniel.Zaheer@kobrekim.com
**KOBRE & KIM LLP**
150 California Street, 19th Floor
San Francisco, CA 94111
Telephone: (415) 582-4800
Fax: (415) 582-4811

Victoria Fordin (Admitted *pro hac vice*)
Victoria.Fordin@kobrekim.com
Zachary Ritz (SBN 301281)
Zachary.Ritz@kobrekim.com
**KOBRE & KIM LLP**
201 South Biscayne Blvd., Suite 1900
Miami, FL 33131
Telephone: (305) 967-6100
Fax: (305) 967-6120

Jessica Fender (Admitted *pro hac vice*)
Jessica.Fender@kobrekim.com
**KOBRE & KIM LLP**
800 Third Avenue, 6th Floor
New York, NY 10022
Telephone: (202) 488-1200
Fax: (212) 488-1220

*Attorneys for Plaintiff*
SANAS.AI INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SANAS.AI INC., <br><br> Plaintiff, <br><br> v. <br><br> KRISP TECHNOLOGIES, INC., <br><br> Defendant. | CASE NO. 3:25-CV-05666-RS (KAW) <br><br> **SANAS' ADMINISTRATIVE MOTION TO ADVANCE HEARING DATE ON DISCOVERY DISPUTE (DKT. NO. 95) OR IN THE ALTERNATIVE TO DECIDE DISPUTE WITHOUT A HEARING** |

## I.    INTRODUCTION

Pursuant to Civil Local Rule 7-11, Plaintiff Sanas.AI Inc. ("Sanas") respectfully moves the Court to advance the May 28, 2026, hearing (*see* Dkt. No. 96) on the parties' Joint Discovery Letter, or alternatively to resolve the matter on the submitted papers without a hearing.  The dispute concerns Defendant Krisp Technologies, Inc.'s ("Krisp") objection to Sanas' disclosed technical expert—an objection that has already blocked the expert from accessing any technical document in this litigation for nearly eight weeks.  That delay comes on top of the delay caused by Krisp's prior refusal to produce any confidential technical documents—one which was only resolved through this Court's intervention.  *See* Dkt. No. 93 (ordering Krisp's production of technical documents due to their relevance to patent claims).  In ruling on that motion, this Court explained that technical discovery should proceed without further delay because "the presiding judge has now set a deadline for claim construction discovery" and thus Krisp's refusal to produce the material "risks delaying case deadlines."  *Id.* at 4.  That same logic applies with force here. Analysis of the Krisp technical documents by a qualified expert in artificial intelligence based accent translation models is a critical precursor to Sanas' compliance with the Court's claim construction schedule, including the following key upcoming dates:

| Deadline | Date |
| --- | --- |
| Serve list of claim terms for construction | June 9, 2026 |
| Exchange of preliminary claim constructions | June 30, 2026 |
| Joint Claim Construction and Prehearing Statement, including Expert Witness Report | July 27, 2026 |
| Close of claim construction discovery | August 26, 2026 |

Sanas respectfully submits that this long-pending discovery dispute should be resolved at the earliest time that is practicable for the Court, so as to prevent prejudice to Sanas and advance this case consistent with the presiding judge's schedule.  To that end, Sanas requests that the Court advance the hearing date on the fully-briefed dispute, or in the alternative decide the dispute without a hearing.

This motion is unopposed in part, in that Krisp does not oppose advancing the hearing date but does oppose having the dispute decided without a hearing.

1

## II.    BACKGROUND

Sanas served requests for production seeking Krisp's technical information relevant to Sanas' patent infringement claims on November 19, 2025.  Krisp initially indicated it would produce the documents but then refused to on the basis of California Civil Code § 2019.210.  Upon Sanas' motion, the Court overruled Krisp's objection and ordered that the technical documents be produced by April 22, 2026. *See* Dkt. No. 93.

Meanwhile, on March 8, 2026, Sanas disclosed Dr. Ricardo Gutierrez-Osuna as an expert on accent translation technology and code, in accordance with the operative Protective Order.  Krisp waited over two weeks before making broad objections on March 23, 2026, barring the expert from reviewing any technical document in this case.  Sanas acted promptly: within two days, on March 25, 2026, Sanas provided a written response to Krisp's objections and demanded a meet and confer, which occurred on March 31.  At that conference, the parties discussed potential compromises and Krisp promised to provide a timely response.  But Krisp went silent for another fifteen days.  It was not until April 15, 2026, over one month after Sanas' disclosure of its expert, that Krisp's counsel confirmed that Krisp would not withdraw its objection.  Sanas immediately requested the required conference pursuant to paragraph 13(a) of the Court's standing order, which occurred on April 21, 2026—*six weeks* after Sanas first disclosed its expert—at which the Parties were unable to reach agreement.  The Joint Discovery Letter (Dkt. No. 95) followed on April 28.  The next day, the Court set the matter for hearing on May 28. *See* Dkt. No. 96.

Upon the setting of the hearing date, Sanas, in an effort to stipulate to the relief sought in the instant motion, conferred with Krisp's counsel.  (Declaration of Zachary Ritz, ¶ 2.)  Krisp responded that it does not oppose advancing the hearing date but does oppose having the dispute decided without a hearing.  (*Id.* at ¶ 3.)

## III.    DISCUSSION

Civil Local Rule 7-11 authorizes administrative motions for relief from scheduling orders and procedural matters not otherwise governed by the Local Rules.  There is good cause to grant

ADMINISTRATIVE MOTION
CASE NO. 3:25-CV-05666-RS (KAW)

the request for three reasons: (i) the prejudice to Sanas is concrete and compounding; (ii) the record is complete and Krisp suffers no prejudice from an earlier decision; and (iii) Sanas' diligence in pursuing resolution stands in sharp contrast to Krisp's delay.

*First*, Krisp's objection functions as a de facto stay of all expert activity at precisely the moment when that activity is most critical.  Sanas' expert cannot begin analyzing the recently produced confidential technical documents from Krisp or its source code, even though those materials are unquestionably central to resolving the patent infringement questions in this matter.  As this Court recognized in its earlier discovery ruling, discovery on those very technical documents and source code is closely intertwined with claim construction.  As the court explained, Krisp's blocking of that discovery raised the specter of real prejudice to Sanas because "the presiding judge has now set a deadline for claim construction discovery" and thus Krisp's refusal to produce the material "risks delaying case deadlines."  Dkt. No. 93 at 4.  It would work grave prejudice to Sanas if it were forced to craft its claim construction positions in the dark with respect to the technical operation of Krisp's accused software, when at the same time Krisp can use its full visibility into its software and code to develop its own claim construction positions.  The Protective Order in this case is typical in allowing Krisp's own engineers and outside experts to have unfettered access to its source code and technical documents, and can work closely with Krisp's outside counsel to leverage that knowledge to inform Krisp's positions.  Here, that prejudice has been compounded by Krisp's preexisting, monthslong delays in producing its technical documents.

Even assuming the Court issued a ruling on the same day as the May 28 hearing, that would leave Sanas' expert with just *twelve days* before the June 9 deadline for exchanging claim terms.  That amounts to less than two weeks to begin reviewing documents and forming the opinions that underlie every subsequent claim construction submission. Even worse, Sanas' expert is best positioned to determine whether Krisp's production is incomplete and the short window between the hearing and the deadline leaves no time to identify and obtain production of any missing materials.  Nor will there be time to perform meaningful source code review.

3

Accordingly, there is good cause to advance the hearing date on the discovery dispute or to decide it without a hearing. *See also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (finding good cause to expedite discovery concerning internal confidential technical documents showing operation of accused products, because such documents would "permit [plaintiff] to comply with its disclosure obligations under" the Patent Local Rules).

*Second*, both parties have fully briefed their positions in the Joint Discovery Letter. No further submissions are permitted under the Court's rules, nor are they necessary. Advancing the hearing—or resolving the dispute on the papers—does not alter the record, does not impose any additional burden on Krisp, and does not modify a single deadline in this case. Whatever the Court decides, both parties will have the benefit of clarity: if Krisp's objection is sustained, Sanas will continue its (so far unsuccessful) search for another accent translation expert; if it is overruled, Sanas' expert can finally get to work. The Court's existing schedule remains fully intact either way—but only if the resolution comes in time to be acted upon.

*Third*, Sanas has acted diligently. It requested the technical documents at the very beginning of discovery and moved quickly to compel their production as soon as it became clear that Krisp would stonewall. Likewise, Sanas disclosed its expert on March 8, 2026 (long before Krisp disclosed its own expert) and responded to Krisp's objections within two days. Krisp, by contrast, waited fifteen days to object, then represented it would respond to Sanas' challenge quickly, but instead went silent for another fifteen days. By the time the parties met and conferred on April 21, six weeks had elapsed since Sanas' initial disclosure. Sanas has diligently tried to move this dispute to resolution. The resulting prejudice to the claim construction schedule is attributable to Krisp's conduct alone, and it provides independent grounds to grant the relief requested here.

## IV.    CONCLUSION

Sanas respectfully request that the Court advance the May 28, 2026, hearing on the Joint Discovery Letter to the earliest available date or, alternatively, decide the matter on the submitted papers without a hearing.

4

ADMINISTRATIVE MOTION
CASE NO. 3:25-CV-05666-RS (KAW)

Dated: May 1, 2026

Respectfully submitted,

*/s/ Daniel Zaheer*

Michael Ng (SBN 237915)
Michael.Ng@kobrekim.com
Daniel Zaheer (SBN 237118)
Daniel.Zaheer@kobrekim.com
**KOBRE & KIM LLP**
150 California Street, 19th Floor
San Francisco, CA 94111
Telephone: (415) 582-4800
Fax: (415) 582-4811

Jessica Fender (Admitted pro hac vice)
Jessica.Fender@kobrekim.com
**KOBRE & KIM LLP**
800 Third Avenue, 6th Floor
New York, NY 10022
Telephone: (202) 488-1200
Fax: (212) 488-1220

Victoria Fordin (Admitted *pro hac vice*)
Victoria.Fordin@kobrekim.com
Zachary Ritz (SBN 301281)
Zachary.Ritz@kobrekim.com
**KOBRE & KIM LLP**
201 South Biscayne Blvd., Suite 1900
Miami, FL 33131
Telephone: (305) 967-6100
Fax: (305) 967-6120

*Attorneys for Plaintiff*
SANAS.AI INC

5